UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re KOHUTE.

Case No. 26-cv-09602-HSG

**ORDER OF TRANSFER**

Petitioner, a prisoner housed at Smith County Jail in Tyler, Texas, has filed this *pro se* habeas petition.[1] The petition appears to be missing pages 1, 4, and 5. Petitioner requests release from custody. Dkt. No. 1 at 4 ("Can you please release me out of prison custody to a parole agent "). Yet Petitioner also specifies that this petition does not concern a conviction or a sentence and instead concerns 911 dispatcher records. Petitioner also complains that he was unlawfully restrained by Dr. Whiteron Roberts and Tim Proctner. It is therefore unclear whether Petitioner seeks to bring a habeas action or a civil rights action. Regardless, the proper venue for this action is the Eastern District of Texas and not this district.

Venue for a habeas action is proper in either the district of confinement or the district of

[1] Petitioner has filed four other habeas petitions in this district. *See* C No. 26-cv-7659 HSG, *Kohute v. Patel*; C No. 26-cv-06352 HSG, *Kohute v. New York Times Newspaper Agency*; C No. 26-cv-03431 HSG, *Kohute v. Smith Cty. Coroner Records*; C No. 26-cv-04819 HSG, *Kohute v. Orange College, et al.* These four other petitions suffered from the same deficiencies as this petition does. In those four petitions, it was also unclear whether Petitioner was seeking habeas relief, e.g., speedier release from custody, or sought to bring a civil rights action. These four petitions also failed to allege events in this district or name respondents or defendants who resided in this district. These four petitions were also transferred to other districts. Petitioner has also filed at least fifteen civil rights actions in this district. *See, e.g.,* C No. 26-cv-05910 PCP, *Kohute v. Trump, et al.*; C No. 25-cv-10823 PCP, *Kohute v. King Charles Henry 3rd, et al.*; C No. 25-cv-10362 PCP, *Kohute v. Swarzennegar*; C No. 25-cv-10361 PCP, *Kohute v. State Bar of Calif.*; C No. 25-cv-8029 NC, *Kohute v. McKell, et al.*

United States District Court
Northern District of California

conviction. 28 U.S.C. § 2241(d). Petitioner is confined in Smith County and presumably detained pursuant to a conviction and judgment in Smith County. Smith County is located in the Eastern District of Texas. 28 U.S.C. § 124(c)(1). If this action is intended to be a habeas action, the proper venue is therefore the Eastern District of Texas. 28 U.S.C. § 2241(d).

The proper venue for a civil rights action generally is the judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Petitioner resides in Smith County. It is unclear what events Petitioner is challenging, if any, and where the events took place. However, no events occurred, and no parties are located, in this district. If this action is intended to be a civil rights action, the proper venue is most likely to be the Eastern District of Texas, where Petitioner is located. 28 U.S.C. §§ 124(c)(1), 1391(b).

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of Texas. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 10/21/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge